SLOAN v. MITCHELL.  (No. 6367.)

(Supreme Court, Appellate Division, First Department.  November 20, 1914.)

CONTRACTS (§ 333*)—ACTION FOR BREACH—COMPLAINT—FORFEITURE.
    A complaint, which alleged that plaintiff agreed to transfer an option on certain mining property to a corporation, provided S. would purchase the property and transfer it to the corporation for 3,000,000 shares of its capital stock, and 250,000 additional shares, which were to be issued to plaintiff for his option; that S. purchased the property, and by his agent, the defendant, transferred it to the corporation; that the corporation issued to the defendant 3,250,000 shares of its stock, 3,000,000 shares of which the defendant transferred to S., retaining the rest; and that the defendant had admitted that he was trustee for the 250,000 shares, and had promised to deliver it to plaintiff, but thereafter refused to do so—states no cause of action against the defendant, since it does not allege any privity of contract between plaintiff and defendant, or that the defendant originally received the stock as trustee for the plaintiff, or that there was any consideration for defendant's subsequent promise to deliver the stock to plaintiff.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1196, 1640–1657, 1659;  Dec. Dig. § 333.*]

Appeal from Special Term, New York County.

Action by John Sloan against Willard A. Mitchell, individually and as trustee.  Demurrer to the complaint sustained, and plaintiff appeals.  Affirmed.

The following is the opinion of the lower court by Page, J.:

The complaint states that the plaintiff and one Hutchinson owned an option to purchase certain mining properties in Mexico, adjoining property of the San Toy Mining Company, and that in November, 1906, the plaintiff and a majority of the directors of the said San Toy Mining Company agreed that the company would purchase the said option, "provided one Charles M. Schwab would agree to purchase the properties described in said option and thereafter sell the same to said mining company for 3,000,000 shares of its capital stock, of the par value of $1 per share, and the further amount of 250,000 shares of its capital stock, of the par value of $1 per share, which was to be paid to the plaintiff and associate for the transfer of said option to said mining company, provided said Schwab purchased the two said properties and resold them to the said company."  It is then alleged that shortly thereafter the said option was duly assigned and delivered to said San Toy Mining Company, and that Charles M. Schwab purchased the aforesaid mining properties from their owner, one Gomerez, and by his agent, the defendant, Willard A. Mitchell, caused the properties to be conveyed to the San Toy Mining Company, and in consideration therefor the said corporation issued to said defendant, Mitchell, certificates for 3,250,000 shares of its capital stock, of the par value of $1 each.  It is then alleged that the defendant issued to Schwab 3,000,000 of the said shares "and retained unto himself" 250,000 shares.  It is alleged that the defendant has many times declared and admitted that he retained the said shares merely as trustee, and that plaintiff demanded that he assign and deliver over to plaintiff and his associate said 250,000 shares, which the defendant at various times promised to do, and at various other times after October, 1912, the plaintiff demanded that the defendant deliver over the stock, which demand was refused.  The complaint demands judgment for the value of the stock, $250,000, plus dividends thereon paid to the defendant.  The defendant has demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The demurrer is sustained.  The complaint shows no privity of contract between the plaintiff and the defendant.  The alleged promise of the defend-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant to deliver the stock to the plaintiff is not alleged to have been made upon consideration. It does not appear from the complaint that the defendant originally received the stock on behalf of the plaintiff, or impressed with any trust in his favor or duty to transfer it to the plaintiff. While the complaint does allege that the defendant frequently admitted that he was holding the stock as trustee, it is not stated-that he admitted holding it as trustee for the plaintiff. The only cause of action in favor of the plaintiff which could be found in the complaint is one against the San, Toy Mining Company for breach of contract to deliver 250,000 shares of stock to the plaintiff in payment for the option. The said company, however, is not a party to the action.

The demurrer is sustained, with $10 costs, with leave to the plaintiff to amend upon payment of said costs within 10 days after service of notice of entry of an order herein, in default of which the complaint is dismissed, with costs.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

S. Van Wyck, of New York City, for plaintiff.
M. Conboy, of New York City, for defendant.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of Page, J., with leave to the plaintiff to amend on payment of costs. Order filed.

---

TOLCHINSKY v. CITY OF NEW YORK. (No. 6372.)

(Supreme Court, Appellate Division, First Department. November 20, 1914.)

1. APPEAL AND ERROR (§ 927*)—REVIEW—EVIDENCE.
    Where a suit was dismissed, the appellate court, in reviewing the order of dismissal, must consider the evidence in the light most favorable to plaintiff.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024; Dec. Dig. § 927.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—HIGHWAYS—INJURIES—EVIDENCE—JURY QUESTION.
    In an action against a city for the death of a child, run down by a city ash cart, the question whether the child's mother was guilty of contributory negligence *held* for the jury.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

3. MUNICIPAL CORPORATIONS (§ 1020*)—ACTIONS—EXAMINATION.
    New York City Charter (Laws 1901, c. 466) § 261, provides that no action shall be maintained against the city on any claim until the comptroller shall have refused or neglected for more than 30 days after submission to adjust it or make payment. Section 149 authorizes the comptroller to examine a claimant upon all matters connected with his claim. Before the expiration of 30 days after the presentation of his claim, the comptroller ordered the attendance of plaintiff for examination. On the date set for examination, plaintiff's counsel consented to a postponement, agreeing that postponement should not affect the comptroller's right. *Held* that, where plaintiff did not submit to examination at the time fixed, he could not maintain an action on the claim.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2192; Dec. Dig. § 1020.*]

Appeal from Trial Term, New York County.

---